IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KURT THOMPSON, | : | No. 4:06-cv-00518 |
| | : | |
| Plaintiff, | : | (Judge McClure) |
| | : | |
| v. | : | |
| | : | |
| MARK LEHMAN, Mayor of Jersey | : | |
| Shore, ANDREW LYON, Jersey | : | |
| Shore Borough Council Member, and | : | |
| CHERYL BRUNGARD, Jersey | : | |
| Shore Borough Council President, | : | |
| | : | |
| Defendants. | : | |

**O R D E R**

August 17, 2006

**BACKGROUND:**

On March 10, 2006, plaintiff Kurt Thompson initiated this civil rights action by filing a complaint naming Mark Lehman, Andrew Lyon, and Cheryl Brungard as defendants. Lehman is the Mayor of Jersey Shore Borough, Pennsylvania, Lyon is a Borough Council Member, and Brungard is the Borough Council President. Plaintiff alleges that the defendants deprived him of his First Amendment right to free speech by preventing him from speaking on matters of public concern at Jersey Shore Borough Council meetings. Plaintiff also complains that defendants retaliated against him for engaging in protected speech. Counts I, II, and III assert

claims under 42 U.S.C. § 1983 against defendants Lehman, Lyon, and Brungard, respectively, and Count IV asserts a claim under 42 U.S.C. § 1985(3) against Lehman and Lyon.

On July 10, 2006, all defendants moved to dismiss the complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Motion to Dismiss, Rec. Doc. No. 3; Brief in Support, Rec. Doc. No. 4.)  The motion is fully briefed and ripe for our review.  For the following reasons, we will deny the motion.

**DISCUSSION:**

### I.  Motion to Dismiss Standard

The defendants argue that the complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

When considering a motion to dismiss under Rule 12(b)(6), the court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  In ruling on a motion to dismiss, the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint. Kost, 1 F.3d

at 183.  At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint.  Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).  A complaint should be dismissed only if the court, from evaluating the allegations in the complaint, is certain that under any set of facts relief cannot be granted.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Markowitz v. Northeast Land, Co., 906 F.2d 100, 103 (3d Cir. 1994).

The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding."  Neitzke v. Williams, 490 U.S. 319, 326-27 (1989).  A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law."  Id. at 326.  If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."  Id. at 327.

The liberal notice pleading standard set forth in Rule 8(a)(2), requiring only "a short and plain statement of the claim showing that the pleader is entitled to relief," applies in civil rights cases.  Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163 (1993); Evancho v. Fisher, 423 F.3d 347, 352 (3d Cir. 2005) ("Since Leatherman, which was decided in 1993, the

Third Circuit has applied the more liberal notice pleading standard set forth in Rule 8(a) in civil rights cases."); Abbott v. Latshaw, 164 F.3d 141 (3d Cir. 1998). "The notice pleading standard of Federal Rule of Civil Procedure 8(a) requires only that a complaint contain a short and plain statement showing a right to relief, not a detailed recitation of the proof that will in the end establish such a right." Graw v. Fantasky, 68 F. App'x 378, 381 (3d Cir. 2003) (quoting Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 564 (3d Cir. 2002)).

## II.  Analysis

There are three distinct claims in plaintiff's complaint.  Plaintiff alleges that (1) his First Amendment right to free speech was violated; (2) the defendants unlawfully retaliated against plaintiff for engaging in protected speech; and (3) defendants Lehman and Lyon conspired to deprive plaintiff of equal protection of the laws because of plaintiff's speech.  Defendants have moved to dismiss all claims, with prejudice.  Below we evaluate each claim separately, as well as defendants' assertion of qualified immunity..

1.  Right to Free Speech

"For a right to speak claim, a plaintiff must allege that: (1) the speech was protected by the First Amendment and (2) the government excluded the plaintiff's speech in a public or non-public forum without justifying its actions to the standard

required for the particular forum." Shaw, 68 F. App'x at 381.

Plaintiff states a claim against all defendants for interfering with his First Amendment right to speak out publicly. Plaintiff claims that he was unlawfully barred from a public meeting by the Jersey Shore Chief of Police after defendant Lehman allegedly "contacted the Chief of Police and ordered him to remove Plaintiff Kurt Thompson from the public meeting." (Complaint, Rec. Doc. No. 1, at ¶ 12.) Plaintiff alleges that defendant Brungard "applies more stringent time constraints to public comment or questions by Plaintiff Kurt Thompson than to other members of the public attending council meetings." (Rec. Doc. No. 1, at ¶ 14.) Plaintiff also alleges that he was "physically removed from the Jersey Shore Borough Building by Defendant Andrew Lyon despite the fact that Plaintiff was at the Jersey Shore Borough Building for legitimate lawful reason and was not being disruptive." (Rec. Doc. No. 1, at ¶ 8.)

While the allegations lack specificity, plaintiff is not required to provide a "detailed recitation of the proof that will in the end establish such a right." Graw, 68 F. App'x at 381. At the motion to dismiss stage, we view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff. King & Spalding, 467 U.S. at 73. Because the allegations in the complaint concern acts on the part of defendants that could be found violative of

plaintiff's First Amendment right to speak, we will deny the motion to dismiss.

2.   First Amendment Retaliation

Plaintiff has also asserted that defendants "engaged in a pattern and practice of denying Plaintiff Kurt Thompson's First Amendment Rights through threats and intimidation." (Rec. Doc. No. 1, at ¶ 7.) The acts plaintiff contends amount to threats and intimidation are the following:

> 16.   During Jersey Shore Borough Council public meetings, Defendant Andrew Lyon attempts to embarrass Plaintiff Kurt Thompson by telling him "stand up", [sic] when Plaintiff Kurt Thompson is already standing up.
>
> 17.   During Jersey Shore Borough Council public meetings, Defendant Mark Kehman has called Plaintiff Kurt Thompson a liar.
>
> 18.   In or about January 2006, Defendants Mark Lehman and Andrew Lyon persuaded an individual who was a tenant in a property owned by Plaintiff's family to file criminal charges against Plaintiff Kurt Thompson.
>
> 19.   Defendants Lehman and Lyon promised the tenant that they would help him pursue the charges because it was their goal to "get him [Kurt Thompson] out of Jersey Shore."
>
> 20.   In a further attempt to take retaliation against Plaintiff Kurt Thompson for his exercise of his First Amendment Right to Free Speech and to intimidate him from any future exercise of his

> rights, Defendant Andrew Lyon has attempted to persuade the Jersey Shore Borough Manager to terminate the employment of Plaintiff Kurt Thompson's wife, who is employed by the Jersey Shore Borough.

(Rec. Doc. No. 1, at ¶¶ 16-20.)

There are two distinct types of retaliation alleged here. The first is verbal conduct directed at plaintiff, ridiculing him by telling him to "stand up" when he is already standing, and calling him a liar during borough council meetings. The second is the attempted exertion of influence over third parties to take some action detrimental to plaintiff.

"In general, constitutional retaliation claims are analyzed under a three-part test. Plaintiff must prove (1) that he engaged in constitutionally-protected activity; (2) that the government responded with retaliation; and (3) that the protected activity caused the retaliation." Eichenlaub v. Twp. of Indiana, 385 F.3d 274, 282 (3d Cir. 2004) (Chertoff, J.).

Defendants argue that the behavior complained of is not actionable, because the verbal conduct of defendants was not "particularly virulent," McLaughlin v. Watson, 271 F.3d 566, 573 (3d Cir. 2001), and because defendants' alleged attempts to exert influence over third parties to take action against plaintiff did not involve threat, coercion, or intimidation, id.. Defendants argue that the behavior

described in paragraphs 16-20 of the complaint is "de minimis and not actionable." (Rec. Doc. No. 10, at 5.)

Plaintiff responds that he relies on the defendants' entire course of conduct to establish his claim of retaliation, and that while each instance of retaliation may be insufficient to state a claim when viewed in isolation from the others, when viewed together, the conduct of defendants amounts to unconstitutional retaliation. (Rec. Doc. No. 6, at 7-8.)

We agree with plaintiff. The United States Court of Appeals for the Third Circuit has stated that "a plaintiff may be able to establish liability under § 1983 based upon a continuing course of conduct even though some or all of the conduct complained of would be de minimis by itself or if viewed in isolation." Brennan v. Norton, 350 F.3d 399, 419 (3d Cir. 2003) (McKee, J.). While defendants have cited authority suggesting that the public ridicule to which plaintiff was subjected, and the defendants' alleged exertion of influence over third parties to the detriment of plaintiff, is not actionable, at the motion to dismiss stage, the plaintiff is entitled to the benefit of the doubt. We are required to construe all inferences in the light most favorable to plaintiff. King & Spalding, 467 U.S. 69 at 73.

We will deny the motion to dismiss insofar as it relates to plaintiff's retaliation claim.

3.   <u>Conspiracy</u>

In Count IV of the complaint, plaintiff alleges a conspiracy claim under 42 U.S.C. § 1985(3) against defendants Lehman and Lyon.  Defendants moved to dismiss this count, and plaintiff conceded that the complaint fails to articulate the elements necessary to support a cause of action under 42 U.S.C. § 1985(3).  Plaintiff states that it was his intention to assert the conspiracy claim under § 1983, and not § 1985(3).  Plaintiff requests leave to amend the complaint accordingly.  Defendants, in their reply brief, argue that plaintiff should be denied leave to amend because amendment would be futile.

Federal Rule of Civil Procedure 15(a) provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served."  Fed. R. Civ. P. 15(a).  "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  <u>Id.</u>

Under Rule 15(a), plaintiff may amend the complaint without leave of court because defendants have not answered the complaint.  "A motion to dismiss is not a 'responsive pleading' within the meaning of Rule 15(a)."  <u>Beck v. Athens Bldg. Loan & Sav. Ass'n</u>, 65 F.R.D. 691, 694 (M.D. Pa. 1974) (Nealon, J.).  Because defendants have not filed an answer to the complaint, plaintiff is free to amend the

complaint without leave of court.

4.     Qualified Immunity

Defendants also argue that they are entitled to qualified immunity. A defendant has the burden of establishing that he or she is entitled to qualified immunity. Kopec v. Tate, 361 F.3d 772, 776 (3d Cir. 2004).

We utilize a two-step inquiry when ruling on the issue of qualified immunity. Saucier v. Katz, 533 U.S. 194, 200-01 (2001). "First, the court must consider whether the facts alleged, taken in the light most favorable to the plaintiff, show that the officer's conduct violated a constitutional right." Id. at 201. If "a violation could be made out on a favorable view of the parties' submissions, the next sequential step is to ask whether the right was clearly established." Id. "The relevant dispositive inquiry in making this determination is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Kopec, 361 F.3d at 776 (quoting Saucier, 533 U.S. at 201).

Defendants simply argue that "[s]ince the Complaint as pled fails to state a claim for any violation of the First Amendment . . . it is only reasonable to infer that each of the individual Defendants could have believed their conduct was lawful in light of clearly established law and the information they possessed." (Rec. Doc. No. 4, at 15.) As we have found that, when viewing the allegations in

10

the light most favorable to the plaintiff, the complaint alleges conduct possibly violative of the First Amendment, there is no inference that the defendants believed their conduct to be lawful.  Defendants have not carried their burden with respect to the issue of qualified immunity.  Accordingly, we will deny the motion.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1. The defendants' Motion to Dismiss Plaintiff's Complaint is denied. (Rec. Doc. No. 3.)

2. Plaintiff shall file an amended complaint within ten (10) days deleting any reference to 42 U.S.C. § 1985.

<u>s/James F. McClure, Jr.</u>
James F. McClure, Jr.
United States District Judge